**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rebecca Cline, | No. CV-23-00236-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

On May 6, 2019, Claimant Rebecca Cline filed applications for Social Security Disability Insurance and Supplemental Security Income benefits, alleging a disability beginning May 31, 2018. (AR. 13.) Her last insured date was June 30, 2019. (AR. 15.) The Social Security Administration denied her claim initially and again on reconsideration. (AR. 81, 92, 106, 124.) After an administrative hearing, the Administrative Law Judge ("ALJ") issued an unfavorable decision. (AR. 10.) The Appeals Council denied review of the decision, making the ALJ's finding the final decision of the Commissioner of the Social Security Administration. (AR. 1.) Cline seeks judicial review of the Commissioner's decision under 42 U.S.C. § 405(g).

**I.     Standard**

To determine whether a claimant is disabled, the ALJ engages in a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof for the first four steps, but the burden shifts to the Commissioner at the fifth step. *Tackett v. Apfel*, 180 F.3d 1094,

1098 (9th Cir. 1999). First, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Second, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. *Id.* § 404.1520(a)(4)(ii). Third, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *Id.* § 404.1520(a)(4)(iii). If so, the claimant is automatically considered disabled. Otherwise, the ALJ moves to the fourth step, where she assesses the claimant's residual functioning capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. *Id.* § 404.1520(a)(4)(iv). If the claimant is not so capable, as the fifth and final step, the ALJ must determine whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. *Id.* § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

This Court reviews only those issued raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). An ALJ's factual findings are "conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quotation and citation omitted). Substantial evidence is "more than a mere scintilla" and "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1154 (quotations and citations omitted). "When evidence reasonably supports either confirming or reversing the ALJ's decision, [the Court] may not substitute [its] judgment for that of the ALJ." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004). The substantial evidence standard is a "highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). Still, this Court cannot affirm the ALJ's decision based on grounds on which the ALJ did not rely. *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

**II.     Analysis**

Cline raises two issues for the Court's consideration: (1) whether the ALJ properly

evaluated the opinions of Cline's treating physicians and (2) whether the ALJ properly evaluated Cline's symptom testimony.

### a. The three medical opinion evaluations challenged are not supported by substantial evidence.

For claims filed on or after March 27, 2017, including Cline's, ALJs give no specific evidentiary weight to any medical opinion. 20 C.F.R. § 416.920c(a). Instead, an ALJ is required to consider all medical opinions and articulate how persuasive he finds them. *Id.* § 416.920c(b). The ALJ considers several factors in assessing the persuasiveness of a medical opinion, but he need only articulate in his decision his findings regarding the supportability and consistency of the opinion with other evidence in the record. *Id.* § 416.920c(b)(2). Supportability examines the relevant objective medical evidence and supporting explanations presented by the source. *Id.* § 404.1520c(c)(1). Consistency examines the evidence from other medical and nonmedical sources. *Id.* § 404.1520c(c)(2). For claims to which these regulations apply, ALJs are also not required to provide "clear and convincing" or "specific and legitimate" reasons to reject a treating physician's opinion. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). Instead, the ALJ's evaluation of each opinion must be supported by substantial evidence. *Id.*

Cline challenges the ALJ's evaluations of opinions from her cardiologist, Sarika K. Desai, D.O.; her neurologist, Todd D. Levine, M.D.; and her primary care doctor, Alfredo L. Lim, M.D. The Court addresses each opinion in turn.

### i. The ALJ's evaluation of Dr. Desai's opinions was improper because he failed to explain his consideration of the supportability and consistency factors as required by the regulations.

Dr. Desai opined that Cline must sit, stand, and walk less than two hours in an eight-hour workday, that she must alternate between sitting and standing every twenty-one to forty-five minutes, and that her RFC must be sedentary. (AR. 385–86.) But the ALJ rejected Dr. Desai's assessed limitations, stating that they were unpersuasive "when assessing the supportability and consistency of this finding." (AR. 23.) Specifically, Dr.

Desai did not "provide a diagnosis and the greater record does not support the limits." (*Id.*)

The ALJ's assertion that Dr. Desai did not provide a diagnosis is a reference to the supportability of Dr. Desai's opinions. But the assertion is simply untrue. In fact, his treatment records list several diagnoses, including "[d]isorder of autonomic nervous system," "[a]crocyanosis," and "[n]on-rheumatic mitral regurgitation." (AR. 362–63.) These diagnoses do appear in documents separate from Dr. Desai's form opining as to Cline's work limitations, but all are included in the record and must be considered together to determine whether the doctor's opinion is adequately supported.

The ALJ's reference to the "greater record" can fairly be interpreted as his evaluation of the consistency of Dr. Desai's opinion with other evidence in the record. But, as this Court has held, the ALJ must point to specific portions of the record that conflict with the medical opinion he is evaluating. *Townsend v. Comm'r of Soc. Sec. Admin.*, No. CV-21-00790-PHX-GMS, 2022 WL 3443678, at *9 (D. Ariz. Aug. 17, 2022); *Boyd v. Comm'r of Soc. Sec. Admin.*, No. CV-20-08340-PCT-DWL, 2022 WL 3152492, at *5 (D. Ariz. Aug. 8, 2022). The record in this case is extensive (spanning over 1,000 pages) and a general reference to it as a justification for rejecting a medical opinion lacks the required threshold of specificity.

In the answering brief, the Commissioner provides several specific references to the record that *could* support the ALJ's decision. (Doc. 12 at 5.) But attempts to salvage the decision after the fact are ineffective. "Long-standing principles of administrative law require [the Court] to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009). The ALJ's evaluation of Dr. Desai's opinions was not supported by substantial evidence.

> **ii. The ALJ's evaluation of Dr. Levine's opinions was improper because he failed to explain his consideration of the supportability and consistency factors as required by the regulations.**

Dr. Levine opined that Cline had severe impairments, including Postural orthostatic tachycardia syndrome, nausea, fatigue, dizziness, and orthostasis. (AR. 916.) He further opined that, because of those conditions, Cline has severe concentration deficits, would be precluded from completing an eight-hour workday, and would be absent from work more than five times a month. (AR. 916–17.) The ALJ found Dr. Levine's opinion partially persuasive. He determined that the evidence supported Dr. Levine's finding that Cline suffered from severe impairments but not his opinion that these impairments would cause significant absenteeism or severe concentration deficits. (AR. 23.) In making this decision, the ALJ relied on Cline's "acknowledged activity level" and "the greater record."

The ALJ erred in rejecting Dr. Levine's opinion without appropriate explanation of his reasoning. The ALJ must "*explain* how [he] considered the supportability and consistency factors for a medical source's medical opinions." 20 C.F.R. § 404.1520c(b)(2) (emphasis added). No such explanation appears here.

A general reference to the entire record could not support the ALJ's evaluation of Dr. Desai's opinions, and it similarly cannot support his evaluation of Dr. Levine's opinions. As for Cline's acknowledged activity level, the ALJ seems to be referencing "[r]ecent treatment notes show[ing] increased activity to include driving, exercising daily and walking in 15-minute increments." (AR. 23.) It is unclear how these current daily activities undercut Dr. Levine's opinion. These are activities Cline has picked up recently; they do not relate back to prior to her date last insured. And more importantly, it is unclear how they are inconsistent with significant absenteeism and concentration deficits. Cline could drive occasionally and exercise for short periods of time whilst still requiring frequent breaks throughout her day or experiencing significant nausea, fatigue, and dizziness. The ALJ did not properly articulate his reasoning when partially rejecting Dr. Levine's opinion because of Cline's acknowledged activity level.

      **iii. The ALJ's evaluation of Dr. Lim's opinions was improper because he failed to explain his consideration of the supportability and consistency factors as required by the regulations.**

Dr. Lim opined that Cline can only sit, stand or walk less than two hours in an eight-hour workday, must alternate between sitting and standing every one to twenty minutes, and must have a sedentary RFC. (AR. 1394–95.) He found she would be precluded from completing an eight-hour workday. (AR. 1394.) The ALJ concluded this opinion "is not persuasive, when assessing the supportability and consistency of this finding." (AR. 23.) He adds that Dr. Lim "does not provide notes that cognitive impairment, nausea, vomiting, and limb weakness impair the claimant's ability to work." (*Id.*)

Here, the ALJ provided more than the boilerplate repetition of the "supportability" and "consistency" language, but it still falls short. The ALJ's statement about Dr. Lim's lack of notes could be a proper assessment of the supportability, but, like his statement about Dr. Desai's lack of diagnosis, it's simply untrue. In fact, Dr. Lim's notes—included on the same form with Cline's assessed limitations—*do* include an explanation for why Cline's conditions would impair her work abilities. Under a section of the form prompting Dr. Lim to "explain the basis for the limitations," Dr. Lim wrote "trying to address symptoms [and] frequency which impair ability to work." (AR. 1395.)

The ALJ also left out an important condition listed on Dr. Lim's form: Cline's frequent "loss of consciousness." (AR. 1394.) And Dr. Lim's prior treatment records include consistent reports of "repetitive nausea and vomiting." (AR. 703.) He notes she has "vomiting spells almost daily." (*Id.*) If those statements are true, it seems plausible that Cline would have impairments in her ability to work. And the ALJ did not provide any further detail about inconsistencies in the medical evidence or lack of support from Dr. Lim's records that would suggest otherwise. Thus, the ALJ's evaluation of Dr. Lim's opinions was not supported by substantial evidence.

### b. The ALJ improperly discredited Cline's symptom testimony without providing specific, clear, and convincing reasons for doing so.

Cline also challenges the ALJ's evaluation of her symptom testimony. Proper evaluation of a claimant's symptom testimony requires the ALJ to perform a two-step analysis. *Garrison*, 759 F.3d at 1014. First, the ALJ evaluates whether the claimant has

presented objective medical evidence of an impairment that "could reasonably be expected to produce pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2017). If the claimant presents such evidence and absent evidence of malingering, the ALJ may reject the claimant's testimony as to the severity of her symptoms "only by offering specific, clear and convincing reasons for doing so." *Id.*; *Garrison*, 759 F.3d at 1015.

The ALJ determined that Cline had underlying physical and mental impairments that could reasonably be expected to produce her symptoms, but he found that her testimony as to the intensity, persistence, and functionally limiting effects of her symptoms was not supported by other evidence in the record. (AR. 20, 22.) This determination was not supported by substantial evidence in the record. The ALJ did not recount Cline's symptom testimony anywhere in the decision. Instead, he conclusively stated that the testimony was inconsistent with the medical evidence and Cline's daily activities. (AR. 22.) His analysis of Cline's testimony falls short. He failed to connect the evidence he asserts undermines Cline's symptom testimony with specific symptoms.

The ALJ has not "show[n] his work" by providing specific, clear, and convincing reasons to support his finding that Cline's symptoms are not as severe as she claims. *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). The lack of explanation makes it impossible to determine, at this level, what symptom testimony the ALJ is discrediting with what other evidence. The ALJ's decision does not provide a path which can "reasonably be discerned." *Alaska Dep't of Env't Conservation v. EPA*, 540 U.S. 461, 497 (2004) (citation omitted). The ALJ's legal error in evaluating the medical opinions alone necessitates a remand, but his treatment of Cline's symptom testimony provides a separate, alternative reason to remand.

### c. Because further administrative proceedings would be useful, ordinary remand is appropriate.

Cline asks the Court to apply the credit-as-true rule and remand this case for a calculation of benefits rather than remanding for further proceedings. The credit-as-true

rule provides that the Court has the discretion to decide to remand for a calculation of benefits if each part of a three-part test is satisfied. *Garrison*, 759 F.3d at 1014. First, the Court determines whether the ALJ must have failed to provide legally sufficient reasons for rejecting the claimant's testimony or medical opinions. *Id.* Second, the Court determines whether the record has been fully developed, whether outstanding issues remain, and whether further administrative proceedings would serve no useful purpose. *Id.* Third, the Court must determine whether, if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled. *Id.*

Here, only ordinary remand is appropriate. The ALJ failed to provide legally sufficient reasons for rejecting the medical opinions and Cline's symptom testimony. But factual issues remain. The parties have pointed to conflicting evidence in the record regarding Cline's impairments and limitations. This Court cannot step in the shoes of the trier of fact and resolve those issues. *See Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). Further proceedings would be useful to give the ALJ an opportunity to weigh the evidence and reevaluate the medical opinions and symptom testimony. Thus, the case is remanded for further proceedings.

**IT IS ORDERED** reversing the October 29, 2021 decision of the Administrative Law Judge (AR. 10–25) and remanding for further proceedings consistent with this opinion.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this order and to close this case.

Dated this 23rd day of September, 2024.

Douglas L. Rayes
Senior United States District Judge